## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA,
## TAMPA DIVISION

DANIEL K. CHILES,                    Case No.:

Plaintiff,

v.

LOYAL ORDER OF THE MOOSE,

LODGE 674,

A Florida Corporation,

Defendant.

_____/

## PLAINTIFF DANIEL K. CHILES' COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Daniel K. Chiles, by and through his undersigned counsel,

files this, his complaint and demand for jury trial against Defendant,

Loyal Order of the Moose, Lodge 674, a Florida corporation (hereinafter,

"Defendant"), an employer as defined in the state of Florida, and states

as follows in support thereof:

## NATURE OF THE ACTION

1. This is a proceeding for damages and injunctive relief to redress the

deprivation of rights secured to Plaintiff regarding his gender by the Civil

Rights Act of 1964 42 U.S.C. 2000e *et seq* and his gender per the Florida

Civil Rights Act F.S. 760.10.

## PARTIES

2. Daniel K. Chiles is an African American man currently residing in Sarasota County, Florida. He is a citizen of the United States and a resident of the state of Florida. Plaintiff is a person entitled to protection pursuant to the provisions of the Civil Rights Act of 1964, 42 U.S.C. 2000e et seq.

3. During all relevant times, Plaintiff was an employee of Defendant.

4. Defendant operates a bar and restaurant located in North Port, Sarasota County, Florida.

5. At all times relevant to the allegations in this Complaint, Defendant operated from that facility in Sarasota County, Florida. It is affiliated with Moose International.

6. At all relevant times, Defendant employed more than 15 people.

## JURISDICTION

7. This Court has jurisdiction over this matter under 28 U.S.C. § 1331 as this matter involves a federal question based upon 29 U.S.C. §§ 621 et seq. This Honorable Court has jurisdiction over this matter as this case arises under the equal protection clause of the Fourteenth Amendment

to the United States Constitution and poses a question of federal law. Administrative agencies consider all officers and working Defendant members as employees for purposes of employment discrimination jurisdiction.

8. The Tampa District Court is the proper venue for this action under 28 U.S.C. §1391 (b)(l) and (b)(2) because this is the District and Division in which a substantial part of the events or omissions giving rise to the claims occurred.

## VENUE

9. The unlawful employment practices alleged below were within the state of Florida in Sarasota. Accordingly, the venue lies in the United States District Court for the Northern District of Florida, Gainesville Division under 29 U.S.C. § 1391(b) and 28 U.S.C. § 1391(a).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

10. Plaintiff filed this action timely, as was his right, after receiving written notice of right to sue from the U.S. Equal Employment Opportunity Commission, Tampa District office.  A copy of the said decision is attached and marked Exhibit "A." Said Exhibit "A" is incorporated herein as though set forth in full. Plaintiff regrets said

EEOC has failed to effect voluntary compliance with the requirements of the 42 U.S.C. ch. 126 § 12101 et seq. and The Civil Rights Act of 1964, as amended, 42 U.S.C. § 20003 et seq. on the part of said Defendant.

## STATEMENT OF FACTS

11.    Plaintiff Daniel K. Chiles worked as an employee at Moose Lodge Club No. 674 starting in November 2018.  He worked as a cook.

12.    He was hired by Mr. C. Kennedy, a former chef.

13.    Mr. Chiles worked 28-35 hours per week in a typical week.  His usual schedule was nights, 4 p.m. to close.  He also often worked Sundays during the day during the football season.

14.    He was paid hourly on Thursday of each week.

15.    Defendant's agent, George Garmon, approached Mr. Chiles from behind while Mr. Chiles was working at a sink in the Defendant location's kitchen, put his hand down the back of Plaintiff Chiles' pants under his underpants and grabbed his crotch with the other hand over Chiles' pants.  This sexual battery occurred on about July 15, 2019.

16.    Defendant was negligent in its hiring and or retention of Mr. Garmon.

17.   Former chef Mr. C. Kennedy can attest to the sexual battery.  It

may have been captured on video at the facility.

18.   Chiles was then retaliated against.  On or about August 21, 2019,

his hours were cut after the battery and reporting it to the Employer.  His

hours were reduced prior to termination on or about November 15, 2019,

after he complained to his Employer about the battery.

19.    Defendant's Administrator Mike Lambert told Plaintiff Daniel K.

Chiles he would be fired months before he was finally terminated.  This

created a hostile work environment and inflicted distress upon Plaintiff.

Defendant needed Mr. Chiles in the kitchen, and he was a good and

popular employee.

20.   Plaintiff Chiles was given a thank you certificate along with seven

to eight other employees.

21.   In Fall, 2019 Plaintiff Chiles was told by agents of Defendant it

was worried Mr. Chiles had consulted counsel.

22.   Plaintiff Daniel K. Chiles' former Employer discriminated against

him based on sex and retaliation in violation of the Civil Rights Act of

1964 and the Florida Civil Rights Act.

23.   Mr. Chiles received texts and a phone call from Mike Lambert while at his lawyer's office in early November 2019.  He was asked if he had retained an attorney and offered shifts to come into work and was asked to confirm he would go in to work for those shifts.

24.   He worked those shifts, paid cash for that weekend and then fired.

25.   Upon information and belief, Mr. Garmon has been removed from the Lodge.

## STATEMENT OF CLAIMS

## COUNT III: SEX DISCRIMINATION

26.    Plaintiff restates, realleges, revers and hereby incorporates by reference any and all allegations of paragraphs 2 through 25, inclusive, herein.

27.   Plaintiff alleges that Defendant unlawfully and discriminatorily terminated Plaintiff's employment on account of her sex, male, in violation of the laws of the state of Florida, Florida Civil Rights Act of 1992, Florida Statutes § 760 *et seq*., justifying an award, inter alia, of back pay, front pay, interest benefits, special damages, compensatory and punitive damages against said Defendant.

## COUNT IV: SEX DISCRIMINATION

28.    Plaintiff reavers and incorporates by reference all of the allegations set forth in paragraphs 2 through 25 herein.

29.    Plaintiff's sex (male) was a determining factor in Defendant's decision to terminate him.

30.    Defendant knowingly and willfully discriminated against Plaintiff on the basis of his sex (male) in violation of the Civil Rights Act of 1964. In addition, she avers that Defendant's unlawful and discriminatory constructive termination of his employment on account of his gender violates the provisions of The Civil Rights Act of 1964, as amended, 42 U.S.C. § 20003 *et seq*., justifying an award, inter alia, of back pay, front pay, benefits and compensatory and liquidated damages against Defendant.

## COUNT III: RETALIATION

31.  Plaintiff realleges and incorporates in this Count III Paragraphs 2 through 25.

32.  This is a cause of action for retaliation under the Civil Rights Act of 1964, 42 U.S.C. 2000e et seq.

33.  Plaintiff engaged in statutorily protected activities or opposition as described above.

34.  He suffered adverse employment actions.  These included his hours being reduced and being terminated from his employment.

35.  The causal link between these events is demonstrated, at least in part, by the proximity in time between events.

36.  But for the discrimination and retaliation by Defendant's agents toward Plaintiff, he would be employed by Defendant.

37.  Defendant's refusal to accommodate Plaintiff to his proper position was in retaliation against Plaintiff.

## **DAMAGES**

38. As a direct and proximate consequence of Defendant's unlawful and discriminatory employment policies and practices, Plaintiff has suffered a loss of income, including, but not limited to, past and future wages, benefits, expenses, payment for insurance and various other costs, punitive damages, pain and suffering and compensatory damages, all to be specified at trial.

## INJUNCTIVE RELIEF

39. Plaintiff restates, realleges, reavers and hereby incorporates by reference all allegations of paragraphs 2 through 25, inclusive, herein. Additionally, Plaintiff alleges that Defendant's discriminatory actions herein must be enjoined by this Court in order to force Defendant to comply with the law. It is suggested that the injunction be specific in enjoining Defendant and its employees, agents and representatives.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully prays for judgment against Defendant as follows:

For a money judgment representing compensatory damages, including lost wages, past and future wages, all other sums of money, including all benefits and any other employment benefits together with interest on said amounts, in addition to tort damages;

For a  money judgment representing damages for Defendant's willful violations of law;

For a money judgment representing prejudgment interest, if applicable;

Reinstatement and restoration of benefits upon conditions that Plaintiff and supervisors be enjoined to comply with the law.

That this Court retain jurisdiction over this action until Defendant has fully complied with the orders of this Court, and that this Court require Defendant to file all reports necessary and to supervise compliance with the law that all matters related hereto be done in conformance with the applicable provisions;

For lost monies and damages pertaining to out-of-pocket expenses, primarily related to, but not limited to, medical expenses, and loss of retirement benefits;

For suit costs, including an award for reasonable attorney's fees, expert fees, and for such other and further relief as may be just and proper.

## **JURY DEMAND**

Plaintiff herein demands a trial by jury of all issues in this action pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Dated this 6th day of August 2021.

_Kevin F. Sanderson_

---

Kevin F. Sanderson, Esq.
Florida Bar No. 0598488
Kevin F. Sanderson, Chartered
7717 Holiday Drive
Sarasota, Florida 34321
Tel: (941) 444-1548
Fax: (941) 924-0086
kevin@srqattorney.com
Lead Counsel for Plaintiff